**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Maria de Los Angeles LUCERO–**
**LOPEZ, Defendant–**
**Appellant.**

**No. 07–10088.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 18, 2008.*

Filed March 26, 2008.

Jerry R. Albert, Esq., Office of the U.S. Attorney, Evo A. Deconcini U.S. Courthouse, Tucson, AZ, for Plaintiff–Appellee.

Peter B. Keller, Esq., Keller & Postero, Tucson, AZ, for Defendant–Appellant.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

### MEMORANDUM **

Maria de Los Angeles Lucero–Lopez appeals from her 70–month sentence imposed following a guilty plea conviction for conspiracy to possess with intent to distribute cocaine, possession with intent to distribute cocaine, conspiracy to import cocaine, and importation of cocaine, in violation of

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)(II) and 846; and 21 U.S.C. §§ 952(a), 960(a)(1), (b)(1)(B)(ii), and 963. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Lucero–Lopez contends that the district court erred in denying her a "minor role" sentence adjustment pursuant to U.S.S.G. § 3B1.2(b). Lucero–Lopez has failed to meet her burden of proving her entitlement to a downward adjustment based on her role in the offense. *See United States v. Cantrell,* 433 F.3d 1269, 1282 (9th Cir. 2006). In view of the evidence reflecting the nature and extent of Lucero–Lopez's involvement in the criminal scheme, the district court's decision regarding her minor participant status was not clearly erroneous. *See id.* at 1283–84. Lucero–Lopez also contends that her sentence is unreasonable because the district court improperly considered her co-defendant's sentence to be the lowest sentence Lucero–Lopez could receive. The district court, however, specifically considered Lucero–Lopez's history and particular characteristics and "exercised sound discretion to ensure that the punishment fit the crime and the circumstances of the [defendant]." *See United States v. Marcial–Santiago,* 447 F.3d 715, 719 (9th Cir.), *cert. denied sub nom. Acosta–Franco v. United States,* —— U.S. ——, 127 S.Ct. 309, 166 L.Ed.2d 232 (2006). Accordingly, Lucero–Lopez's sentence is reasonable. *See Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *United States v. Saeteurn,* 504 F.3d 1175, 1183 (9th Cir.2007).

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).